**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**THE YORK GROUP, INC.**                                             **PLAINTIFF**

**v.**          **CASE NO. 4:06-MC-032 GTE (Lead Case)**

                       **Consolidated Cases:** 3:06-MC-00001
                                                     4:06-MC-00033
                                                       4:06-MC-00034
                                                       5:06-MC-0002

**YORK SOUTHERN, INC., ELLIS MELTON**
**COMPANY, INC., MELTON COMPANY, INC.,**
**PRESLEY MELTON, MARK MELTON and**
**ADAM MELTON**                                                                 **DEFENDANTS**

## ORDER

Presently before the Court, is Defendant Melton Company, Inc.'s ("Melton") Motion for Order Protecting Funeral Homes from York Subpoenas (hereinafter "Melton's Motion"). Although Defendant initially filed their motion pursuant to Federal Rule of Civil Procedure 26(c), Defendant has since clarified that it intended to rely on Federal Rule of Civil Procedure 45, rather than Rule 26, as the basis of its motion. Accordingly, this Court will consider Melton's Motion as a Motion for Order Modifying Subpoenas to Funeral Homes under Rule 45, as requested.

Rule 45(c)(3) provides in relevant part:

(3)(A) On timely motion, *the court by which a subpoena was issued shall quash or modify the subpoena* if it
. . .
    **(iii)** requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    **(iv)** subjects a person to undue burden.

  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information

> . . .
> the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

Fed. R. Civ. P. 45(c)(3)(A)(iii) and (iv), (B)(i) (emphasis added).

Melton has also clarified that it does not seek to quash the entire request, but instead seeks modification of the subpoenas by striking only certain categories of document requests that are objectionable, namely Requests for Production 2, 3, 6, and 7, which request production of true and correct copies of the following:

> (2) Any and all document(s) reflecting your sale of any "Horizon" casket to any consumer;
>
> (3) Any and all invoice(s) reflecting your sale of any "Horizon" casket to any consumer;
>
> . . .
>
> (6) Any and all document(s) pertaining to your sale of the "Horizon" casket(s) represented in the invoice(s) attached as Exhibit "B";
>
> (7) Any and all document(s) pertaining to your return of the "Horizon" casket(s) represented in the invoice(s) attached as Exhibit "C";

*See* York's Request for Production to Funeral Homes, Exhibit I to Melton's Motion.

"When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by the nonparty." *See* 9 James Wm. Moore, et al., *Moore's Federal Practice* § 45.50[3]; 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d. 1994). "In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir.

1979) (citing *Vogue Instrument Corp. v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957)); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997). "If, however, a party claims a personal right or privilege regarding the production or testimony sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Thomas*, 202 F.R.D. at 434 (citing *Johnson v. Gmeinder*, 191 F.R.D. 638, 640 n.2 (D. Kan. 2000)).

Defendant claims that because "this assault is having an effect on Melton's customer relations, Melton has standing to raise known objections of at least 14 funeral homes, assert the potential harm not only to the bereaved families, but the present harm inflicted upon Melton's business relationships." However, such an assertion does not adequately set forth a claim of a personal right or privilege regarding the production sought by the subpoena.[1] By the terms of the subpoena, plaintiff is seeking information about customers of the funeral homes, not about

---

[1] Other courts considering the matter find such a personal right or privilege in limited circumstances, such as when personal financial information of a party is sought from a non-party financial institution or when the subpoena directed at a nonparty seeks information protected by the attorney-client privilege or falls under the scope of work product. *See, e.g., Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (denying motion to quash a subpoena directed at a nonparty when a subpoena allegedly touched upon the parties' personal financial affairs because the parties failed to include evidence to show their arbitration with the AAA was meant to be private or confidential) (distinguishing *Sierra Rutile Ltd v. Shimon Y. Katz,* 1994 WL 185751, at *2, 1994 U.S. Dist. LEXIS 6188, *6-7 (S.D.N.Y. May 11, 1994) (parties had "sufficient privacy interest" in confidentiality of personal bank and brokerage records to establish standing to challenge subpoenas); *Chazin v. Lieberman,* 129 F.R.D. 97, 98 (S.D.N.Y. 1990)(defendants had standing to object to subpoenas against nonparty institutions, mainly banks, on personal privacy grounds)); *Norris Mfg. Co. v. R.E. Darling, Co.*, 29 F.R.D. 1 (D. Md. 1961) (finding that a party has standing to move to quash a subpoena duces tecum directed at a nonparty calling for the production of documents that the party believes to be immune from discovery as part of his work product).

Melton. Neither the funeral homes nor the customers of the funeral homes are parties in this case.

Additionally, Melton has not shown that the recipients of the subpoenas are somehow unable to assert their own interests in this matter. In fact, Plaintiff The York Group, Inc. states in its Sur-Reply that it received letters on October 17, 2006 and October 19, 2006 from counsel for a small number of the funeral homes in connection to the document subpoenas. Plaintiff states, "York has since been in communication with these certain funeral homes' counsel in an effort to reach an amenable and expeditious resolution of their concerns." Additionally, York states that it has already received documents which include customer information, and is expecting the production of the same information by more of the funeral homes this week.

If Plaintiff's assertions that it received letters on October 17, 2006 and October 19, 2006 from counsel for a small number of the funeral homes in connection to the document subpoenas is accurate, it is possible[2] that those funeral homes have complied with the requirement of Federal Rule of Civil Procedure Rule 45(c)(2)(B), which states:

> [A] person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena

---

[2]The subpoenas state that the date of issuance is October 3, 2006. However, it is unclear when the subpoenas were actually served upon the individual funeral homes. Additionally, it is unclear whether the letters are written objections to inspection or copying. Therefore, it is not possible to determine with any degree of certainty that these subpoena recipients have complied with the requirements of Rule 45(c)(2)(B).

      may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

In the event any dispute between the recipients of the subpoenas and Plaintiff regarding the subpoenas cannot be resolved, those recipients that have met the requirements of Rule 45(c)(2)(B), and possibly those that have not met the requirements of the Rule,[3] may attempt to quash or modify the subpoenas sent to them. However, the Court will not consider that scenario unless the recipients of the subpoenas decide to attempt to quash or modify the subpoenas.

      Accordingly,

      IT IS HEREBY ORDERED THAT Defendant Melton Company, Inc.'s Motion for Order Protecting Funeral Homes from York Subpoenas (Docket No. 1), which was intended as a Motion to Modify Subpoenas, shall be, and is hereby, DENIED.

      IT IS FURTHER ORDERED THAT Defendant Melton Company's Motion for an Emergency Expedited Hearing (Docket No. 2), shall be, and is hereby, DENIED as moot.

      Dated this 26th day of October, 2006.

---

[3]The Court notes that there is some authority that suggests that the Court has some discretion in allowing non-parties that do not make timely objections to attempt to quash or modify a subpoena. *See, e.g., Hartz Mountain Corp. v. Chanelle Pharmaceutical Veterinary Products Mfg. Ltd.*, 235 F.R.D. 535, 536 (D. Me. 2006) (rejecting the argument that the motion to quash was untimely, and finding that the failure to meet the deadline was excusable, when the delay resulted from attempts to come to an agreement on the terms of a confidentiality order covering the documents sought by the subpoena, and questioning whether the 14-day-after-service deadline applies to the motion at all); *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 52 (S.D.N.Y. 1996) (finding that the status as a non-party is relevant to determining whether the non-party's untimely action under Rule 45 bars the Court's consideration of the non-party's objection to a subpoena).

/s/Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE